**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES OWENS, #K-83253,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01169-MJR |
| ) | |
| **STEPHEN DUNCAN, JOHN COE,** ) | |
| **CLAUDIA DOWTY, MIKE HIGGINS,** ) | |
| **LORI JACKMAN, PHILLIPE,** ) | |
| **LINDA SELLERS, TAMMY KIMMEL,** ) | |
| **and UNKNOWN PARTIES,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff James Owens, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against numerous Lawrence officials who refused to provide him with sinus and arthritis medication after he filed a lawsuit addressing the same issue in 2014. *See Owens v. Duncan, et al.*, Case No. 14-cv-00510-MJR-SCW (S.D. Ill. 2014) ("related action"). Plaintiff claims that these officials retaliated against him for filing the related action by denying him adequate medical care, in violation of his rights under the First and Eighth Amendments. He now sues Stephen Duncan (warden), John Coe (doctor), Claudia Dowty (nurse), Mike Higgins (nurse), Linda Sellers (nurse), Tammy Kimmel (nurse), Lori Jackman (medical assistant), Phillipe (physicians' assistant), and several unknown members of Lawrence's medical staff ("Unknown Parties") for declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

On May 5, 2014, Plaintiff filed a lawsuit in this District against four Lawrence officials, including Warden Steve Duncan, Assistant Warden Treadway, Doctor John Coe, and Pharmacist "John Doe." *Owens v. Duncan, et al.*, Case No. 14-cv-00510-MJR-SCW (S.D. Ill. 2014) ("related action"). In his complaint, Plaintiff alleged that these defendants denied him refills for Chlorpheniramine,[1] which relieves sinus pressure, and Naproxen,[2] which relieves arthritic pain. (Doc. 1, related action). The Court screened the complaint pursuant to § 1915A and allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to medical needs claim for money damages against Defendants Coe and "John Doe," in their individual capacities. (Doc. 4, related action). The Court also allowed Plaintiff to proceed with a request for injunctive relief against Defendant Duncan, in his official capacity. Defendant Treadway was dismissed. (*Id*.). The related action is currently pending.

Plaintiff commenced this action on October 21, 2015. (Doc. 1). In his latest complaint, Plaintiff claims that he was consistently denied Chlorpheniramine and Naproxen after filing the related action. Doctor Coe repeatedly refused Plaintiff's written and verbal requests for refills of both medications. (*Id*. at 3-6). Since May 2015, the Unknown Parties have refused to see

---

[1] Chlorpheniramine is a nonprescription medicine used to treat "red, itchy, watery eyes; sneezing; itchy nose or throat; and runny nose caused by allergies, hay fever, and the common cold." https://www.nlm.nih.gov/medlineplus/druginfo/meds/a682543.html (site last visited November 11, 2015).
[2] Naproxen is a medicine that is prescribed for "pain, tenderness, swelling, and stiffness." *See* https://www.nlm.nih.gov/medlineplus/druginfo/meds/a681029.html (site last visited November 11, 2015).

Plaintiff for sick call on eight occasions and denied his direct verbal requests for Chlorpheniramine a total of eleven times.  Defendant Phillipe refused to discuss Plaintiff's request for Chlorpheniramine, or alternative forms of treatment for sinus problems, for an eighty-four day period between July 14th and October 5th, 2015.  Finally, Warden Duncan allegedly "turn[ed] a blind eye" to Plaintiff's four emergency grievances and one direct request for treatment of sinus pressure and arthritis pain.  (*Id*. at 5).  As a result, Plaintiff has endured unnecessary pain and suffering.

Plaintiff now sues the defendants for retaliation, in violation of the First Amendment, and for deliberate indifference to his medical needs, in violation of the Eighth Amendment.  He seeks declaratory judgment, injunctive relief, and monetary damages.  (*Id*. at 8).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated claims:

> **Count 1:** **Defendants retaliated against Plaintiff for filing *Owens v. Duncan, et al.*, Case No. 14-cv-00510-MJR-SCW (S.D. Ill. 2014) by refusing to refill his Chlorpheniramine and Naproxen, in violation of the First Amendment; and**
>
> **Count 2:** **Defendants deprived Plaintiff of adequate medical care, in violation of the Eighth Amendment, when they refused to refill his Chlorpheniramine and Naproxen after he commenced the related action.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of the counts and discussion of the same do not constitute an opinion regarding their merit.

**Count 1 - Retaliation**

The complaint articulates a colorable retaliation claim (**Count 1**) against Defendants Duncan, Coe, Phillipe, and the Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014). "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). In order to state a claim of retaliation for exercising one's rights under the First Amendment, a plaintiff must establish that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000).

The allegations in the complaint support a First Amendment retaliation claim against the above-named defendants. Filing a lawsuit is a protected activity under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Denying Plaintiff access to his medications could deter him from pursuing a legal action. Further, the complaint sets forth a detailed chronology of events which suggests that the above-named defendants retaliated against Plaintiff for filing the related action by denying him refills of his sinus and arthritis medications. Plaintiff shall be allowed to proceed with **Count 1** against Defendants Duncan,[3] Coe, Phillipe, and the Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014) in their individual capacities. He shall also be

---

[3] Plaintiff names Warden Duncan as a defendant in his official capacity based only on his request for injunctive relief. (*Id*. at 2). However, at this early stage, the Court will allow Plaintiff to proceed against this defendant in his individual capacity as well because the allegations suggest that Warden Duncan may have been personally involved in the underlying constitutional deprivations. The Seventh Circuit has made it clear that "there is no duty to plead legal theories." *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (citations omitted). Where the complaint includes sufficient allegations to put the Court and a defendant on notice of a claim, Plaintiff shall be allowed to proceed.

allowed to proceed with his request for injunctive relief against Defendant Duncan. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant in a Section 1983 action seeking injunctive relief because warden is responsible for ensuring that any injunctive relief is carried out).

### Count 2 – Deliberate Indifference to Medical Needs

The complaint also supports an Eighth Amendment deliberate indifference to medical needs claim (**Count 2**) against Defendants Duncan, Coe, Phillipe, and the Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014). The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). The denial of adequate medical care may amount to cruel and unusual punishment. *Id*. "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Prison officials violate the Constitution when they respond with deliberate indifference to a prisoner's serious medical needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez*, 577 F.3d at 828 (quoting *Estelle*, 429 U.S. at 103).

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. *See Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has held that a medical need is objectively serious where it has either "been diagnosed by

a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Allegations of refusal to provide an inmate with prescribed medication . . . can also state an Eighth Amendment claim." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (plaintiff who suffered from rheumatoid arthritis properly stated a claim against defendants who refused to provide him with medication to treat the pain).

According to the complaint, Defendants Duncan, Coe, Phillipe, and the Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014) were aware that Plaintiff needed sinus and arthritis medication to control symptoms and pain, yet denied his repeated and regular requests for refills of both medications. As a result, Plaintiff endured unnecessary pain and suffering. At this early stage in litigation, the Court cannot dismiss the Eighth Amendment claim against these defendants. Accordingly, **Count 2** shall receive further review against Defendants Duncan, Coe, Phillipe, and the Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014), in their individual capacities. Plaintiff's request for injunctive relief shall proceed against Defendant Duncan, in his official capacity.

### Dismissal of Defendants Dowty, Higgins, Jackman, Sellers, and Kimmel

All other defendants shall be dismissed without prejudice. These defendants are listed in the case caption and in the list of defendants. However, the statement of claim includes no allegations against them.

Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable

under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Absent any allegations against these defendants, the Court can discern no basis for their personal involvement in a constitutional deprivation. Further, the defendants cannot properly respond to the allegations or defend against the claims. For these reasons, Counts 1 and 2 shall be dismissed without prejudice against Defendants Dowty, Higgins, Jackman, Sellers, and Kimmel.

### Unknown Parties

Plaintiff shall be allowed to proceed with Counts 1 and 2 against the Unknown Parties who denied Plaintiff's sick call passes after April 30, 2014. Although it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. Plaintiff will be given an opportunity to identify the Unknown Parties through discovery. The United States Magistrate Judge assigned to this case will set the parameters for this discovery. Once Plaintiff learns the names of the Unknown Parties, he shall file a Motion for Leave to Substitute each properly identified defendant in place of the Unknown Parties in the complaint.

### Pending Motions

Plaintiff filed a motion for joinder of civil suits (Doc. 2), which shall be referred to a United States Magistrate Judge for further consideration.

Page **7** of **10**

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 4), which shall be addressed in a separate Order of the Court.

## Disposition

**IT IS HEREBY ORDERED** that Defendants **CLAUDIA DOWTY, MIKE HIGGINS, LORI JACKMAN, LINDA SELLERS, AND TAMMY KIMMEL** are **DISMISSED** without prejudice from this action, based on the complaint's failure to state any claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that all **OFFICIAL CAPACITY** claims against Defendants **JOHN COE, PHILLIPE,** and the **UNKNOWN PARTIES** are **DISMISSED** without prejudice for the same reason.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **STEPHEN DUNCAN, in his individual and official capacities,** and Defendants **JOHN COE** and **PHILLIPE, in their individual capacities only**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014) until such time as Plaintiff has identified the individuals by name in a Motion for Leave to Substitute each properly identified defendant in place of the Unknown Parties in the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for joinder (Doc. 2) and discovery aimed at identifying Defendants Unknown Parties (i.e., medical staff who cancelled Plaintiff's sick call passes after April 30, 2014). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 13, 2015**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**